The document below is hereby signed.

Signed: March 25, 2019

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
LESLIE WOOD,                       )    Case No. 18-00639
                                   )    (Chapter 13)
        Debtor.                    )    Not for publication in
                                   )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND
ORDER RE AMENDED MOTION UNDER 9006 TO OPEN TIME TO FILE

Darlene Denise Rowe has filed an *Amended Motion Under Rule 9006 to Open Time to File* ("*Amended Motion*"). As the court has explained in its orders (Dkt. Nos. 30 and 43) denying Rowe's previous motions to extend the time to file her proof of claim, Federal Rules of Bankruptcy Procedure 3002(c) and 9006(b)(3) prohibit the court from extending the time for Rowe to file her proof of claim.

I

In the *Amended Motion*, Rowe claims that because the debtor did not comply with LBR 2072-1 regarding filing notice of the bankruptcy case in any pending civil action in which the debtor is a party, she did not receive notice of this case in their proceeding in Maryland state court. However, a debtor's failure

to comply with LBR 2072-1 is not a basis for disregarding the restrictions of Fed. R. Bankr. P. 3002(c) and 9006(b)(3) regarding enlarging the time to file a proof of claim. Whatever the consequences are that flow from a failure to comply with LBR 2072-1, a right to an enlargement of the time to file a claim is not one of those consequences.[1]

## II

Rowe represents that she received no notice of the commencement of the case. However, she has not established that this entitles her to an enlargement of the time to file a claim.

The debtor included Rowe on the list of creditors filed with the petition. On September 26, 2018, the clerk filed a notice of the commencement of the bankruptcy case (including notice of the December 4, 2018 bar date for filing a claim). On September 28, 2018, acting on behalf of the clerk, the Bankruptcy Noticing Center mailed to Rowe the clerk's notice of the commencement of the case. In addition, the debtor's counsel has certified that she mailed the debtor's initial proposed plan to Rowe on September 25, 2018 (see Dkt. No. 2) (well before the December 4,

---

[1] LBR 2072-1 assures that the other parties and the court in the civil action are alerted that a bankruptcy case is pending, which may have consequences by reason of the automatic stay of 11 U.S.C. § 362(a). However, as the Note to LBR 2072-1 states, "failure to provide notice under this Rule is not intended to exclude a showing that a party received notice by other means." A litigant that knows of the bankruptcy case cannot use lack of LBR 2072-1 notice as a justification for disregarding the automatic stay.

2018 deadline for filing a claim).

Rowe has included with her *Amended Motion* a notarized affidavit in which she states that she did not receive any mailings in this case between September 2018 and the date of the affidavit, March 15, 2019.[2] The issue is whether Rowe's non-receipt of the clerk's notice of the commencement of the case, mailed to her at her address of record (and Rowe's non-receipt of the copy of the debtor's initial proposed plan mailed to her at her address of record) would entitle Rowe to file a claim out of time. As explained below, it would not.

Rule 3002(c) set a bar date of 70 days after the order for relief for timely filing a claim. The Bankruptcy Noticing Center's mailing of notice of the commencement of the case was plainly compliance with the requirement under Fed. R. Bankr. P. 2002(f)(3) that the clerk give creditors notice by mail of the time allowed for filing claims pursuant to Rule 3002. There is no requirement in the rules that a creditor receive the mailed notice in order for the bar date set by Rule 3002 to apply.

There are two exceptions to the Rule 3002(c) bar date, contained in Rules 3002(c)(6)(A) and 3002(c)(6)(B), under which

---

[2] The docket reflects that beyond the two above-mentioned mailings in September 2018, there were two other mailings to the debtor (albeit after the bar date for filing claims had expired). The debtor's counsel certified that she mailed the debtor's amended plan to Rowe on December 14, 2018 (*see* Dkt. No. 18). The Clerk mailed an order to Rowe on March 8, 2019 (*see* Dkt. No. 31).

the court may enlarge the time for filing a claim if "the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim." Rowe might argue that non-receipt of notice of the case was insufficient notice. However, Rule 3002(c)(6)(A) only applies when the insufficiency of notice arose "because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)," and Rule 3002(c)(6)(B) only applies when "the notice was mailed to the creditor at a foreign address." Neither Rule 3002(c)(6)(A) nor Rule 3002(c)(6)(B) applies.

There is no applicable exception to the bar date of Rule 3002(c). The court thus has no authority to enlarge the time for Rowe to file her claim.

III

In light of the foregoing, it is

ORDERED that Rowe's *Amended Motion Under Rule 9006 to Open Time to File* (Dkt. No. 45) is DENIED.

[Signed and dated above.]

Copies to: Debtor; debtor's attorney; Chapter 13 Trustee;

Darlene Denise Rowe
8002 Heflin Drive
Clinton, MD 20735
[By BNC and by hand-mailing by Clerk]