The document below is hereby signed.

Signed: March 27, 2019

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
LESLIE WOOD,                 )      Case No. 18-00639
                             )      (Chapter 13)
            Debtor.          )      Not for publication in
                             )      West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER RE TRUSTEE'S OBJECTION
TO UNSECURED CLAIM 4 BY CLAIMANT DARLENE DENISE ROWE

On February 15, 2019, claimant Darlene Denise Rowe filed a

proof of claim for $30,051.00 (Claim No. 4-1) and a *Motion to

Deem Late Filed Proofs* [sic] *of Claim as Timely or Motion Hearing*

(Dkt. No. 29).  In its *Order Re Motion To Deem Late Filed Proof

Of Claim As Timely Filed Or Motion Hearing* (Dkt. No. 30), the

court denied Rowe's motion but permitted the proof of claim to

remain an allowed proof of claim unless and until objected to as

untimely.  The Chapter 13 trustee subsequently objected to the

claim as untimely (Dkt. No. 35), and Rowe has raised a number of

arguments against disallowing her claim in an opposition to the

trustee's objection (Dkt. No. 38).  The court will address these

arguments in turn.

I

First, Rowe argues that the claim should be allowed because she did not receive notice of the case and has sought under Fed. R. Bankr. P. 9006 to enlarge the time to file a proof of claim. The court, in its order denying the debtor's motion to deem her late-filed proof of claim as timely and in its orders denying her motion and amended motion to enlarge the time to file a proof of claim, has rejected Rowe's argument that non-receipt of notice entitles her to an enlargement of time. Rowe has provided no other basis for enlarging the time to file a proof of claim.

II

Second, Rowe contends that the trustee's objection must be overruled because the debtor listed Rowe's claim in the initial bankruptcy filing. It is true that under Fed. R. Bankr. P. 3003(b) and 11 U.S.C. §§ 925 and 1111(a), a proof of claim is deemed filed if it appears on the list of creditors or in the schedules filed under §§ 924 and 521(a)(1), respectively, but those provisions do not apply to Chapter 13 cases. Accordingly, the inclusion of Rowe's claim in the debtor's schedules does not mean that her claim must be allowed.

III

Third, Rowe argues that her claim should be allowed because neither the debtor nor the trustee opposed the motion to deem her late-filed proof of claim as timely. This argument fails because

the court was required to deny that motion even if it was unopposed.  Moreover, the court's order regarding that motion stated that either the debtor or trustee could object to Rowe's proof of claim on the ground that it was not timely filed, and the trustee in turn has filed such an objection.

IV

Finally, Rowe argues that her claim should not be disallowed because it is nondischargeable under 11 U.S.C. § 523(a)(9).[1]  If the debt owed Rowe is not dischargeable, that does not mean that Rowe can be permitted to file a tardy claim for the debt. Rather, the nondischargeability of the debt would mean that a discharge would not discharge the debtor from liability for the debt.

Pursuant to Federal Rules of Bankruptcy Procedure 4007(b), 7001(6), and 7003, a creditor or debtor seeking the determination of the dischargeability of a debt under § 523(a)(9) may file a

---

[1]  The court previously noted that if the debt were nondischargeable, for example, under 11 U.S.C. § 523(a)(9), the debtor might have an incentive to seek to file a late claim on Rowe's behalf.  Rowe may have relied on § 523(a)(9) without appreciating what § 523(a)(9) entails.  A determination that a debt is not dischargeable under § 523(a)(9) requires a finding "(1) that a personal injury or death occurred; (2) as a result of a motor vehicle accident; (3) caused from a debtor's operation of a motor vehicle while (4) unlawfully intoxicated by alcohol, a drug or another substance." *In re Hughes*, 488 B.R. 169, 175 (Bankr. D. Mont. 2013).  Rowe previously referred to her claim as merely one for an automobile accident, and has not indicated in this case that the debtor was unlawfully intoxicated by alcohol, a drug or other substance when that accident occurred.

complaint seeking such relief at any time; the disallowance of Rowe's claim as an allowed unsecured claim does not bar pursuing a determination of nondischargeabilty.

V

For the foregoing reasons, it is

ORDERED that the trustee's objection (Dkt. No. 35) to Rowe's claim (Claim No. 4-1) is SUSTAINED, and Rowe's claim is disallowed as not timely filed.

[Signed and dated above.]

Copies to: Recipients of e-notifications;

Darlene Denise Rowe
8002 Heflin Drive
Clinton, MD 20735
[By BNC and by hand-mailing by Clerk]